IN THE UNITED STATED DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA SYMCZYK, an individual, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENESIS HEALTHCARE CORPORATION and ELDERCARE RESOURCES CORPORATION, d/b/a GENESIS ELDERCARE, <br><br> Defendants. | Civil Action No.: <br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Laura Symczyk, on behalf of herself and others similarly situated alleges as follows:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendants (as hereinafter defined) and whose pay was subject to an automatic meal break deduction even when those persons performed compensable work during such unpaid "meal break."

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. Venue for this action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

1

**PARTIES**

4. Genesis Healthcare Corporation ("Genesis") is an integrated skilled nursing center and assisted living communities enterprise headquartered at 101 E. State Street, Kennett Square, Pennsylvania. Genesis is comprised of 200 skilled nursing centers and assisted living communities throughout 13 eastern states.

5. Upon information and belief, Genesis is a parent corporation of Eldercare Resources Corporation, d/b/a Genesis Eldercare ("Eldercare"):

6. Genesis and Eldercare are related organizations through, for example, common membership, governing bodies, trustees and/or officers and benefit plans.

7. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Genesis and Eldercare are and were centrally and collectively dictated, controlled, and ratified.

8. Upon information and belief, Genesis and Eldercare share common management and have common ownership.

9. As such, Genesis and Eldercare are the employer – single, joint or otherwise – of the Plaintiff and class members.

10. For purposes of this complaint, Genesis and Eldercare are hereinafter collectively referred to as "Defendants."

11. Defendants have approximately 36,000 employees.

12. Plaintiff, Laura Symczyk, is an adult individual residing in Philadelphia. Plaintiff was employed by Defendants from April, 2007 through December, 2007 and worked at Pennypack Center. She spent her time working as a Registered Nurse at the facility. While

working for Defendants, Plaintiff was regularly required to perform compensable work during unpaid "meal breaks."

13. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. §216(b).

## FACTUAL BACKGROUND

14. This action is filed on behalf of all non-exempt employees of Defendants whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks. These persons include, but are not limited to, secretaries, housekeepers, custodians, clerks, porters, registered nurses, licensed practical nurses, nurses' aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters, nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse technicians, trainers, and transcriptionists employed at any of Defendants' facilites during the three years preceding the filing of this action.

15. Given the demands of the health care industry and staffing shortages, Defendants know that to get the tasks done that it assigns to Plaintiff and class members, Plaintiff and class members have to work through their unpaid "meal breaks."

16. All non-exempt employees of Defendants are subjected to Defendants' "Meal Break Deduction Policy."

17. Upon information and belief, Defendants maintain the "Meal Break Deduction Policy" at all of its facilities.

18. Under the "Meal Break Deduction Policy," Defendants' computerized time and attendance system automatically deducts a 30 minute meal period per work shift.

19. Under Defendants' "Meal Break Deduction Policy," Defendants improperly and illegally shift the burden to Plaintiff and class members to ensure that non-qualifying "meal breaks" are not deducted from their pay.

20. Plaintiff and class members often perform compensable work for Defendants during their uncompensated "meal breaks."

21. Defendants do not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."

22. Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

23. Plaintiff and class members routinely are required to stay at their duty post during their uncompensated "meal breaks."

24. Defendants do not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

25. Defendants routinely fail to ensure that unauthorized work is not being performed during employee "meal breaks."

26. In fact, although Defendants automatically deduct 30 minute meal periods, Defendants expect Plaintiff and class members to be available to work throughout their shifts and consistently require its employees to work during unpaid "meal breaks."

27. Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.

28. Plaintiff and class members are often required to respond to pages, as well as requests by patients, co-workers and management, during unpaid "meal breaks."

29. Defendants know and/or have reason to believe that Plaintiff and class members perform work during their unpaid "meal breaks."

30. Plaintiff and class members perform work for Defendants, on Defendants' premises, in plain sight, and often at management's request during their unpaid "meal breaks."

31. Defendants have observed Plaintiff and class members working through their unpaid "meal breaks." Defendants have directed Plaintiff and class members to work during their unpaid "meal breaks."

32. Even though Defendants know that Plaintiff and class members are working during "meal breaks," Defendants fail to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

33. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants.

34. While Plaintiff is unable to state at this time the exact amount owed to the class, Plaintiff believes that such information will become available during the course of discovery. When an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

**COLLECTIVE ACTION ALLEGATIONS**

35. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

36. Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break."

Upon information and belief, Plaintiff believes that the definition of the class will be further refined during the course of discovery.

37. Prior to discovery, Plaintiff is unable to state the exact number of the class members but estimates the class to exceed several thousand individuals.

38. There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include *inter alia*:

    a. Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

    b. Whether Defendants failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30 minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks";

    c. Whether Defendants failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their "Meal Break Deduction Policy";

    d. The correct statute of limitations for Plaintiff's and class members' claims;

    e. The correct method of calculating back overtime pay;

      f.      Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

      g.      Whether Plaintiff and class members are entitled to restitution;

      h.      Whether Defendants are liable for pre-judgment interest; and

      i.      Whether Defendants are liable for attorney's fees and costs.

.

10. Defendants have acted and refused to act on grounds generally applicable to the class.

11. The claims of the representative Plaintiff are typical of the claims of the class in that Plaintiff was denied overtime wages as a result of Defendants' uniform policy of not compensating its non-exempt employees for all hours worked. This is the predominant issue which pertains to the claims of each and every class member.

12. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

13. Plaintiff will fairly and adequately protect the interests of the class, as her interests are in alignment with those of the class, *i.e.*, to prove and then eradicate Defendants' illegal employment practice of not paying overtime wages to their non-exempt employees.

14. Counsel for Plaintiff will adequately protect the interests of the class. Plaintiff has retained counsel experienced in class action litigation in general, and employment litigation in particular. Indeed, counsel has previously served as class counsel in employment litigation.

15. Plaintiff and the class she represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

16. Defendants have engaged in a continuing violation of the FLSA.

17. Plaintiff, as well as the individuals she represents, was denied overtime wages as a result of Defendants' pay practices. This violation was intended by Defendants and was willfully done.

18. Defendants' action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

19. The allegations set forth in the preceding paragraphs are incorporated herein.

20. At all relevant times, Defendants have been employers engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendants employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

21. At all relevant times, Defendants have had annual gross revenues in excess of $500,000.00.

22. As a consequence of Defendants' employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

23. Plaintiff and class members were employees of Defendants within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

24. Defendants' policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

25. Defendants have failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A. All applicable statutory damages;

B.      A Declaration that Defendants have violated the FLSA;

C.      An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

D.      An Order appointing Plaintiff and her counsel to represent those individuals opting in to the collective action;

E.      An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

F.      Any further relief which the Court deems appropriate under the circumstances.

Dated _____ November, 2009

Respectfully submitted,

By: _____
      Trevan Borum
TREVAN BORUM ATTORNEY AT LAW
Trevan Borum
2 Logan Square
12th Floor
Philadelphia, PA 19103
Telephone: (215) 567-1248
Email: t.borum@verizon.net

FARUQI & FARUQI, L.L.P.
Kendall S. Zylstra
Gerald D. Wells III
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
Email: kzylstra@faruqilaw.com
        jwells@faruqilaw.com

CARLSON LYNCH, L.T.D.
Bruce Carlson
Gary Lynch
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Facsimile: (724) 656-1556

Email: bcarlson@carlsonlynch.com
glynch@carlsonlynch.com