IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA SYMCZYK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 09–5782 |
| GENESIS HEALTHCARE CORPORATION and ELDERCARE RESOURCES CORPORATION, | : | |
| Defendants. | : | |

**MEMORANDUM RE: MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

**Baylson, J.**                                                                                    **May 19, 2010**

In this action, Plaintiff Laura Symczyk alleges that Defendants Genesis HealthCare Corporation and ElderCare Resources Corporation (collectively, "Defendants") violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Pennsylvania law, by implementing an automatic meal break deduction policy. (Compl. ¶ 1, Docket No. 1.) Symczyk brought the action as a collective action under 29 U.S.C. § 261(b), on behalf of herself and similarly situated individuals. Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 12), pursuant to Federal Rule of Civil Procedure 12(b)(1). The pending Motion seeks dismissal based on Defendants' offer of judgment, which, according to Defendant, exceeds all damages Symczyk can recover under the FLSA, in accordance with Federal Rule of Civil Procedure 68 ("Rule 68").

I.   **Factual and Procedural Background**

Symczyk worked as a Registered Nurse at Pennypack Center, and was an employee of Defendants from April 2007 to December 2007. Symcyzk commenced this FLSA collective

-1-

action on December 4, 2009, which identified the class as comprising "all non-exempt employees of Defendants whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks." (Compl. ¶ 14, Docket No. 1.)[1]

On February 18, 2010, Defendants filed an Answer to the Complaint. (Docket No. 8.) The same day, Defendants served Symczyk's counsel with an offer of judgment, pursuant to Rule 68, in the amount of "$7,500.00 in alleged unpaid wages, plus attorneys' fees, costs and expenses as determined by the Court." (Mot. to Dismiss, Ex. A, at 2.) Defendants contend, and Symczyk does not contest, that Symczyk "never responded, effectively rejecting the Offer." (Mot. to Dismiss 2; see also Resp. (Docket No. 19).)

On March 11, 2010, this Court entered an Order providing for "an initial ninety–day period of discovery, at the close of which [Symczyk] will move for conditional certification under § 216(b) of the FLSA." (Docket No. 10, ¶1.) On March 23, 2010, Defendants filed the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction. Subsequently, on April 23, 2010, Symczyk filed an Amended Class/Collective Action Complaint (Docket No. 22), which differed from the Complaint by adding allegations pursuant to Federal Rule of Civil Procedure

---

[1]The Complaint further provides,

> These persons include, but are not limited to, secretaries, housekeepers, custodians, clerks, porters, registered nurses, licensed practical nurses, nurses' aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters, nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse technicians, trainers, and transcriptionists employed at any of Defendants' facilities during the three years preceding the filing of this action.

(Compl. ¶ 14.)

23 on behalf of a class seeking relief under Pennsylvania state law.  Symczyk's Amended Complaint provides the same definition of the class as the Complaint (Am. Compl. ¶ 20).

## II. The Parties' Contentions

Defendants' Motion to Dismiss is based upon their Rule 68 offer of judgment.  In support of their Motion, Defendants assert that they offered Symczyk "compensation that is equal to or greater than the potential relief she could obtain at trial." (Mot. to Dismiss 5.)  According to Defendants, "a defendant's offer to pay the full amount of the plaintiff's potential recovery . . . renders the plaintiff's claim moot because she loses a legally cognizable interest in the outcome of the litigation," thereby rendering this case subject to dismissal. (Mot. to Dismiss 3.)

In response, Symczyk contends that courts "heavily disfavor[]" "Defendants' strategic attempt to 'pick–off' the Plaintiff before the Court can meaningfully consider and decide the [§] 216(b) motion." (Resp. 1.)  Symczyk argues that "the Third Circuit has considered and rejected the use of such tactic in the context of other representative actions, in particular a Rule 23 class action," and that courts have recognized that there is no distinction between Rule 23 and § 216(b) cases for purposes of "strategic mooting by defendants through the use of a Rule 68 offer of judgment." (Resp. 7.)  Symczyk thereby concludes that the Court, rather than dismissing the action as moot, should permit Symyczk to "file a class certification motion, and that motion would 'relate back' to the filing of the complaint, thereby eliminating any concerns that the representative plaintiff lack[s] standing to sue." (Resp. 4–5.)

Defendants reply that dismissal is appropriate even though "this case is an opt–in collective action under § 216(b)," because "the opt–in procedure under § 216(b) is fundamentally different from the opt–out procedure in Rule 23 class actions," and both the "plain language of

the FLSA and its legislative history," as well as "the great weight of authority" indicate that Defendants' Offer moots Symczyk's claim. (Mot. to Dismiss 7; see also Reply 2–13 (Docket No. 24).)

## III. Discussion

Symczyk does not take issue with Defendants' assertion that the damages offered exceed any amount of unpaid wages sought; thus, the only legal question the Court must address is whether the rejected Rule 68 offer renders this case moot and divests this Court of subject matter jurisdiction over the action.

For a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The Court "may not presume the truthfulness of [P]laintiff's allegations, but rather, must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (internal quotation marks and alterations omitted).

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." U.S. Const. art. III, § 2. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." L.A. County v. Davis, 440 U.S. 623, 631 (1979) (internal quotation marks omitted). Many Courts, including the Third Circuit, have held that an offer of settlement under Rule 68, if undoubtedly sufficient to compensate the plaintiff for all damages, will result in dismissal for lack of jurisdiction, regardless of whether the offer is accepted. "An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the

outcome of the litigation." Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004).² In cases in which the mootness doctrine applies, subject matter jurisdiction no longer exists and the case is properly dismissed. See L.A. County, 440 U.S. at 631.

As both parties recognize, neither the Supreme Court nor the Third Circuit has addressed the specific question presented by Defendants' Motion to Dismiss, of whether a Rule 68 offer of judgment made to the named plaintiff in a FLSA action moots the collective action claims. (Resp. 5; Reply 2.) Instead, the Third Circuit held in Weiss, a class action commenced pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), that when the defendants "use[] the Rule 68 offer to thwart the putative class action before the certification question could be decided," the class action is not mooted, the plaintiff should be permitted to file the certification motion, and "the appropriate course is to relate the certification motion back to the filing of the class complaint." 385 F.3d at 348–49. It is not implausible that Symczyk filed the Amended Complaint, which added allegations of a class seeking relief under Pennsylvania Law, but pursuant to Rule 23, to come under the Weiss holding.

Although the Third Circuit has not determined whether Weiss's "relation back" doctrine applies to FLSA collective actions, numerous other courts have addressed the issue. Symczyk points the Court to a Fifth Circuit decision as well as multiple district court cases from the Second Circuit, which held that Rule 68 Offers of Judgment do not moot the underlying FLSA

---

²See also Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." (internal citations omitted)); 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

collective actions.³

In 1980, the Supreme Court explained that allowing a defendant to use a Rule 68 offer of judgment to "pick–off" an individual claimant in a Rule 23 class action "before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 339 (1980). In light of this concern, the Fifth Circuit applied the "relation back" doctrine articulated in Weiss to the FLSA collective action at issue, reasoning as follows:

> The status of a case as being an "opt in" or "opt out" class action has no bearing on whether a defendant can unilaterally moot a plaintiff's case through a Rule 68 offer of judgment. Although the differences between Rule 23 class actions and FLSA § 216(b) collective actions alter the conceptual mootness inquiry, each type of action would be rendered a nullity if defendants could simply moot the claims as soon as the representative plaintiff files suit. Thus, the policies behind applying the "relation back" principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions.

Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 920 (5th Cir. 2008).

The opposite conclusion, however, has been reached by numerous other district courts⁴ in

---

³See Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 920 (5th Cir. 2008); Nash v. CVS Caremark Corp., —F. Supp. 2d —, No. 09-0079, 2010 WL 446178, at *1–3 (D.R.I. Feb. 9, 2010); Bah v. Shoe Mania, Inc., No. 08-9380, 2009 WL 1357223 (S.D.N.Y. May 13, 2009); Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 58 (E.D.N.Y. 2008); Yeboah v. Cent. Parking Sys., No. 06-0128, 2007 WL 3232509, at *3–6 (E.D.N.Y. Nov. 1, 2007); Rubery v. Buth–Na–Bodhaige, Inc., 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007); Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1013 (D. Minn. 2007); Guerra v. Big Johnson Concrete Pumping, Inc., No. 05–1427, 2006 WL 2290517, at *2–3 (S.D. Fla. June 16, 2006); Geer v. Challenge Fin. Investors Corp., No. 05–1109, 2006 WL 704933, at *3 (D. Kan. Mar. 14, 2006); Reyes v. Carnival Corp., No. 04–21861, 2005 WL 4891058, at *3 (S.D. Fla. May 25, 2005).

⁴Defendants also point out that the Eleventh Circuit similarly concluded that an action was moot because "[i]n contrast to the Rule 23 plaintiff, [the] § 216(b) plaintiff [in the case] has no claim that he is entitled to represent other plaintiffs." Cameron–Grant v. Maxim Health Care Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003) (per curiam). Cameron–Grant is

the Second Circuit.[5]  For example, in Darboe v. Goodwill Industries of Greater New York & Northern New Jersey, Inc., 485 F. Supp. 2d 221 (E.D.N.Y. 2007), the District Court for the Eastern District of New York took care to distinguish Weiss from FLSA collective actions on the basis that, in contrast to a Rule 23 action where "once a class is certified, all those falling within the description of the class certified are deemed a part of the case and will be bound by the outcome unless they take the affirmative action of opting out of the matter," members of a FLSA class must take the "affirmative step of 'opting in' to the action to be a part of the action and bound by its terms." Id. at 223–24.  The Darboe court reasoned that this distinction indicated that under the FLSA, "the named plaintiff is deemed to represent himself only," and thus, "application of Rule 68 to moot a single plaintiff's claim creates no conflict with the policy underlying the collective action procedure." Id. at 224

In Briggs v. Arthur T. Mott Real Estate LLC, the district court for the Eastern District of New York reconciled the contrary conclusions reached by various courts, by explaining that "courts have held that a Rule 68 offer of judgment moots an FLSA collective action," in cases in which (1) "no other similarly situated individuals have opted in," and (2) "the offer of judgment

---

distinguishable from the present case, however, because the plaintiff who contended that the action was not mooted by a Rule 68 offer from the defendant, previously stipulated to dismiss his claims in their entirety, and thus, had voluntarily dismissed his claims.  See id. at 1244.

[5]Louisdo v. Am. Telecomms., Inc., 540 F. Supp. 2d 368, 373–73 (E.D.N.Y. 2008); Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc., 485 F. Supp. 2d 221 (E.D.N.Y. 2007); Briggs v. Arthur T. Mott Real Estate LLC, No. 06-0468, 2006 WL 3314624, at *4 (E.D.N.Y. Nov. 14, 2006); Ward v. Bank of N.Y., 455 F. Supp. 2d 262, 268–70 (S.D.N.Y. 2006); Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 127–28 (D. Conn. 2005); Thomas v. Interland, Inc., No. 02–3175, 2003 WL 24065651, at *3–4 (N.D. Ga. Aug. 25, 2003); Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d. 1211, 1219 (M.D. Fla. 2003).

satisfies all damages of the plaintiff, plus all costs and attorney's fees." 2006 WL 3314624, at *2. Indeed, all of the district court cases[6] cited by Symczyk declined to dismiss a FLSA collective action because other individuals had already opted in to join the collective action,[7] it was unclear whether the Rule 68 offer fully satisfied the plaintiff's claims,[8] or the plaintiff had

---

[6] The only other case cited by Symczyk, Sandoz, a Fifth Circuit decision, did not involve any of the factors articulated above. Instead, the Fifth Circuit recognized that "in theory a Rule 68 offer of judgment could moot a FLSA collective action," and declined to apply the "relation back" doctrine to the case at hand. 555 F.3d 921–922. The Sandoz court clarified that "relation back is warranted only when the plaintiff files for certification without undue delay." Id. at 921. Because the plaintiff in Sandoz filed her motion to certify thirteen months after filing her complaint, the doctrine would only be applied if, on remand, the district court determined that the named plaintiff "timely sought certification of her collective action." Id. Unlike Sandoz, no motion to certify the class action is pending in this case. In addition, given the differences between this case and all the district court cases cited by Symczyk, the Court declines to follow Sandoz.

[7] See Nash, 2010 WL 446178, at *1 ("[O]ther parties have opted into this action and wish to have their claims resolved as part of a 'collective action' with Plaintiff."); Yeboah, 2007 WL 3232509, at *5 (concluding that the presence of an additional individual in the collective action "requires the conclusion" that the Court retains subject matter jurisdiction over the action); Rubery, 494 F. Supp. 2d at 181 (finding dismissal to be premature when "more than fifty individuals ha[d] executed and filed forms consenting to join the action as a party plaintiff"); Reyes, 2005 WL 4891058, at *3 (distinguishing the case at hand from a prior case finding a collective action to be moot, because "two other persons . . . have opted in to this suit, and [the defendant] has not made offers of judgment to them"); see also Bowens, 546 F. Supp. 2d at 79 ("[T]here was clear evidence at the outset of this case that other individuals were interested in joining. Indeed, at one time, there were no fewer than six . . . employees who had filed notices of consent . . . ."); Roble, 627 F. Supp. 2d at 1013 (declining to find the action to be moot, because "the named plaintiffs in this action have identified other potential . . . employees with an interest in this litigation"); Guerra, 2006 WL 2290517, at *2–3 (declining to find a FLSA action to be moot when another employee had joined the collective action before the offer of judgment was made); Geer, 2006 WL 704933, at *3 (finding that "dismissal is not appropriate" because "the court received notice of a third plaintiff who has not received an offer of settlement").

[8] See Geer, 2006 WL 704933, at *3 (finding dismissal to be inappropriate because the defendants did not explain how they arrived at the settlement amount they offered to the plaintiffs, the "plaintiffs argue that the offers are not sufficient," and thus, the "court is uncertain whether [the offer of judgment] amount constitutes full judgment").

-8-

already filed a motion for conditional certification under § 216(b).[9]

The present case does not involve any such facts. Symczyk does not contend that other individuals have joined her collective action. Thus, this case, like each of the district court cases cited by Defendants, which concluded that a Rule 68 offer of judgment mooted the underlying FLSA collective action, involves a single named plaintiff.[10] In addition, Symczyk does not contest Defendants' assertion that the Rule 68 offer of judgment fully satisfied her claims. Under the Court's March 11, 2010 Scheduling Order, Plaintiff was given until June 10, 2010 to file a motion of conditional class certification. (Docket No. 10, ¶1.) The Court, however, was unaware when it issued the Scheduling Order that Defendants had already made Symczyk a Rule 68 offer of judgment. In view of the Rule 23 allegations now in the Amended Complaint, the Court will set the same date, June 10, 2010, for Symczyk to file a Motion for Rule 23

---

[9]See Bah, 2009 WL 1357223, at *1–2 (declining to dismiss when the plaintiff had a motion for certification pending, and had attached an affidavit identifying a "friend and former co–worker, along with other employees" whom the plaintiff had observed as being potential members of the class); Bowens, 546 F. Supp. 2d at 80 (denying a motion to dismiss based on an offer of judgment when a motion for conditional certification was pending); Roble, 627 F. Supp. 2d at 1013 (same); see also Morales–Arcadio v. Shannon Produce Farms, 237 F.R.D. 700, 702 (S.D. Ga. 2006) (striking an offer of judgment when it was made after the court had conditionally certified the class).

[10]See Darboe, 485 F. Supp. 2d at 224 (concluding that the collective action had been mooted "[w]here no class action has opted in to the collective action"); Briggs, 2006 WL 3314624, at *4 ("[T]here are no putative class members or collective action plaintiffs to represent. No collective plaintiffs have opted into this action and class certification has not been sought or granted. Thus, only Plaintiff's individual claims are at stake."); Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 127 (D. Conn. 2005) ("[W]ithout the inclusion of other active plaintiffs who have 'opted-in' to the suit, the section 216(b) plaintiff simply presents only her claims on the merits.") Section 216(b) provides that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which action is brought." 29 U.S.C. § 216(b)

Certification, to be accompanied by a brief explaining how this Court retains jurisdiction over this action. The Court has tentatively concluded that Defendants' Rule 68 offer of judgment moots this collective action, and thus, that this collective action should be dismissed for lack of subject matter jurisdiction. In that event, the Court would likely decline, in its discretion, to exercise supplemental jurisdiction over Symczyk's claims under Pennsylvania law, which can be re–filed in state court. Although Symczyk will be given an opportunity to justify continued federal jurisdiction under Rule 23, the Court expresses doubt as to whether Symczyk can make such a showing, because the Rule 23 allegations in the case are limited to the state law claims, and Rule 23 does not itself confer jurisdiction. An appropriate Order follows.

O:\CIVIL 09-10\09-5782 Symczyk v. Genesis\Symczyk MTD Memo.wpd